On Application for Rehearing.
PER CURIAM.
In an application for a rehearing, counsel for defendants complain, among other things, that we erred in implying in our original opinion that the deed dated July 17th, 1937, wherein Mrs. Woodward transferred to Mr. Bruyninckx a Vn interest in certain real estate, did not contain a double declaration that the property was acquired with the separate funds of Mr. Bruyninckx and for his separate estate.
Counsel .are correct in this contention ; the act does contain the dual declaration of paraphernality and the author of the original opinion frankly acknowledges his oversight in failing to note its presence in the deed.
In view of the fact that the deed contains the declaration, it necessarily follows that the ruling that there was a presumption, juris et de jure, in favor of the community estate was not well founded. But this does not mean that our conclusion that the property formed part of the community is incorrect because, despite the double declaration, there was a presumption that the property belonged to the communi *757 ty as it was acquired during the marriage. Article 2405, Civil Code. And this presumption has not been rebutted by defendants. On the contrary, the record shows that on July 17th, 1937, the date of the purchase, Mr. Bruyninckx withdrew the sum of $500 (the amount of the purchase price) from the savings account kept in the Guaranty Bank & Trust Company, which account we have heretofore held was a community account as a result of commingling of separate and community funds subsequent to Mr. Bruyninckx’s marriage to plaintiff in 1928.
All of the other questions presented by counsel in the application for rehearing have been disposed of in the original opinion.
The application for a rehearing is refused.